UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Emilio Rachel Esper Kallas,

                Plaintiff,               Case No. 22-cv-8256

      v.                                  **COMPLAINT**

Joel M. Price;
The G & P Agency, Inc.,

                Defendants.
------------------------------------------------------------x

Plaintiff Emilio Rachel Esper Kallas ("Plaintiff" or "Kallas), by and through his undersigned attorneys, and for his complaint against defendants Joel M. Price and The G & P Agency, Inc. ("G & P") (collectively the "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This is a straightforward case of fraud and breach of fiduciary duty by a New York insurance broker and his agency against a foreign individual looking to obtain life insurance for his family.

2. As described herein, in 2014, Defendant Joel M. Price and his insurance agency, The G & P Agency, Inc., induced Brazilian national Kallas to send more than 2 million dollars to them in the United States to fund a life insurance policy with Zurich American Life Insurance Company ("Zurich Insurance").  Unfortunately, only about 1 million dollars of the funds sent to the Defendants was ever paid to Zurich Insurance.  The rest of the funds were pilfered by the Defendants in the hope that Kallas, a successful entrepreneur in Brazil, would never realize the discrepancy.

1

3. Fortunately for Kallas, in January 2022, after repeated attempts to obtain accounting information for the policy from the Defendants[1], he was able to obtain a summary of amounts paid to Zurich Insurance.  Since 2014, Zurich Insurance received $1,165,027 from the Defendants—which is about half of what Kallas sent to them ($2,264,527) for the purpose of funding the policy.

4. The Defendants have wrongfully taken $1,099,500 from Kallas.  Moreover, the Defendants' failure to properly fund the policy with a face value of $12,000,000 has caused the policy to lapse, causing further economic damage to Kallas and his family.

## PARTIES

5. Plaintiff Emilio Rachel Esper Kallas is a citizen of the Federative Republic of Brazil, resident and domiciled in São Paulo, Brazil.

6. Defendant G & P is a New York corporation with registered address at 550 5th Avenue, New York, NY, 10036.

7. Joel Price is the President and CEO of G & P.  Price is a citizen of the State of New York.

## JURISDICTION AND VENUE

8. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000).

9. Jurisdiction is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1332, as this controversy involves a dispute between a citizen or subject of a foreign state and citizens of this state, and the amount in controversy exceeds the jurisdictional requirement.

---

[1] Based on legal advice Kallas received in the United States, the Zurich Insurance policy owner is a Connecticut trust with two New York attorneys serving as the trustees.  Kallas is the named insured on the policy and personally funded all the policy premiums; however, due to the ownership structure of the policy, Zurich Insurance would not readily provide him with information about the policy.

2

10. Venue is proper in the Southern District of New York because a substantial part of the events giving rise to the claims occurred in the Southern District of New York.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff Emilio R. E. Kallas is a successful Brazilian engineer, entrepreneur, and businessperson. Kallas is the founder of Grupo Kallas, a real estate development and construction company based in Brazil.

12. In 2010, Kallas began working with his long-time advisor, New York attorney Thomas Cameron Ragan, to create a succession plan for his wife and children.

13. Ragan, through his law firm Ragan & Freeman, LLP, advised Kallas to settle a Connecticut trust called the Lilly Trust. The Lilly Trust is dated September 28, 2010, and Ragan, along with his partner M.E. Freeman are the trustees of the Lilly Trust.

14. Sometime after the Lilly Trust's formation, Ragan advised Kallas that the trust should purchase and own life insurance where Kallas would be the insured and the death benefit would be paid to the trust for the benefit of Kallas' children.

15. Prior to February 2014, Ragan introduced Kallas to Defendant Joel Price, a New York-licensed insurance broker.

16. On or about February 28, 2014, Price sold Kallas a Zurich Index UL with Index-Linked Interest Options, policy number 181834, with a death benefit in the amount of $12,000,000. The planned annual premium for the policy was $153,054. The Lilly Trust received all documentation relating to the policy at its Connecticut address: P.O. Box 1748, 322 Main Street, Lakeville, CT 06039.

17. After Zurich Insurance issued the policy, Defendant Price advised Kallas in Brazil that he would need to make ten payments of $160,000, per year to maintain the policy, and that thereafter no premiums would be owed.

18. Thereafter, Kallas caused the policy to be funded based on periodic invoices sent from Defendant G & P to Kallas. Defendant Price always told Kallas to pay G & P directly and represented that G & P would be forwarding the premium payments to Zurich Insurance.

19. In 2019, Kallas made or caused to be made what he believed to be the final payment required to maintain the policy; however, in late January 2020, Defendant Price informed Kallas that he would need to contribute additional funds to keep the policy in force. Based on Defendant Price's representation, Kallas caused an additional $326,000 to be sent to G & P in 2020.

20. In November 2020, Price wrote to Kallas again stating that the economic environment created by the COVID-19 pandemic caused additional payments to become due. Based on Defendant Price's representation, Kallas funded the policy with $209,000 additional dollars in 2021, with payments being made to Defendant G & P.

21. Defendant Price thereafter informed Kallas in or about July 2021 that he needed to make additional payments to keep the policy in force. In January 2022, Kallas caused funds to be sent to G & P in the amount of $163,000.

22. In or about February 2022, Price solicited additional funds from Kallas. By that time, Kallas had caused $2,264,527 to be paid to Defendant G & P at the direction of Defendant Price.

23. At that point, Kallas became suspicious about the requests for additional money as the economy began to normalize after the pandemic.

24. Kallas began to investigate with Zurich Insurance directly, as all information relating to the policy was being sent to the Lilly Trust in Connecticut. Kallas as the insured under the policy, but not its owner, did not receive information directly from Zurich Insurance.

25. In 2022, Kallas was able to obtain a document from Zurich Insurance that showed a summary of premiums actually *paid to Zurich Insurance* since 2014. A list of the premiums paid are as follows:



26. After receiving the document, it became apparent to Kallas that the funds he was paying to Defendant P & G were not being sent to Zurich Insurance as Defendant Price represented. In fact, about half of the amount paid by Kallas never sent to Zurich Insurance.

27. In total, Kallas caused $1,099,500 in funds to be sent to P & G, which P & G has kept for itself with no accounting to Kallas.

28. Moreover, the valuable $12,000,000 insurance policy Kallas was funding for years has now lapsed, as Kallas refused to continue funding the policy when he learned of Defendant P & G's and Defendant Price's misconduct.

### FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Price and G & P)

29. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 above.

30. Pursuant to New York Insurance Law ISC §2120(a):

"Every insurance agent, title insurance agent, and insurance broker acting as such in this state shall be responsible in a fiduciary capacity for all funds received or collected as insurance agent or insurance broker, and shall not, without the express consent of his, her or its principal, mingle any such funds with his, her or its own funds or with funds held by him, her or it in any other capacity."

31. Pursuant to New York statutes and common law, Defendants Price and G & P owed fiduciary duties of care, loyalty, and fair dealing to Kallas.

32. Defendants Price and G & P breached those fiduciary duties by advising Kallas to transfer over a million dollars to Defendant G & P, which Defendants G & P and Price retained for their own benefit.

33. Kallas has been damaged by this breach of fiduciary duty.

**WHEREFORE**, Plaintiff prays for a judgment in favor of him and against Defendants in an amount to be determined at trial, plus interest, for reasonable attorneys' fees, for the costs of this action, and for any other relief the Court deems is just and equitable under the circumstances.

## SECOND CAUSE OF ACTION
## Fraud
## (Against Price and G & P)

34. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 above.

35. Defendant Joel Price, on his own behalf, and acting as the President and Chief Executive Officer of Defendant G & P made multiple false representations of material fact to Kallas, including but not limited to, the amounts of money that were required to fund the insurance policy and that each payment of funds to G & P would be used to fund the policy.

36. Defendants Price and G & P knew that these representations were false when made.

37. Kallas, as the named insured on the policy, justifiably relied on the statements of Defendants Price and G & P.

38. Kallas has been injured by the Defendants' conduct.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants in favor of Plaintiff, in an amount to be determined at trial plus interest, for reasonable attorneys' fees, for the costs of this action, and for any other relief the Court deems is just and equitable under the circumstances.

## THIRD CAUSE OF ACTION
## Unjust Enrichment
## (Against Price and G & P)

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 above.

40. Defendants Joel Price and G & P Agency were enriched. Defendant was given more money, as provided by Zurich in the chart, than was required for the premium payments. Defendant has lost the Plaintiff $1,099,500.00.

41. At the expense of the Plaintiff, Plaintiff lost nearly $1.1 million dollars due to the Defendants' conduct.

42. The Defendants misled the Plaintiff, allowing for the Defendants to obtain nearly $1.1 million dollars in unearned funds. As such, it would be inequitable and against good conscience to allow the Defendants to retain the funds.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants in favor of Plaintiff, in an amount to be determined at trial plus interest, for reasonable attorneys' fees, for the costs of this action, and for any other relief the Court deems is just and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a separate jury trial in New York, New York.

Dated: September 27, 2022
New York, New York

Respectfully submitted,

**MARCUS NEIMAN RASHBAUM & PINEIRO, LLP**

*/s/* Daniel L. Rashbaum
Daniel L. Rashbaum
2 S. Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel.: (305) 400-4268
Email: rashbaum@mnrlawfirm.com

**MB SCANLON PLLC**
Gabriela Menna Barreto Scanlon
(*pro hac vice* application to be submitted)
4301 50th Street NW, 1st Floor
Washington, D.C., 20016
Telephone: (202) 410-9293
Email: gabriela@mbscanlon.com

**FASANO LAW FIRM, PLLC**
Michael C. Fasano, Esq.
(*pro hac vice* application to be submitted)
2 S. Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel.: (305) 779-5950
Email: mfasano@fasanolawfirm.com