UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILIO RACHEL ESPER KALLAS,

Plaintiff,

-against-

THE G & P AGENCY, INC. et al.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___7/7/2025___

22-CV-08256 (MMG)

**MEMORANDUM
OPINION**

MARGARET M. GARNETT, United States District Judge:

**INTRODUCTION**

Plaintiff Emilio Rachel Esper Kallas ("Plaintiff") moves for leave to file a Second Amended Complaint based on information obtained through discovery and the advice of new counsel. He seeks to supplement the Amended Complaint (Dkt. No. 44) with new facts and to plead additional causes of action based, in part, on those facts. *See* Dkt. No. 83. The proposed additional causes of action comprise: (1) a claim for professional negligence against Defendants The G&P Agency, Inc. ("G&P") and Joel M. Price ("Price") (collectively, the "Price Defendants"); (2) a claim for negligent misrepresentation against Price; and (3) a claim for professional malpractice against Defendants Thomas C. Ragan and Mary Elizabeth Freeman (collectively, the "Trustee Defendants").

The Trustee Defendants consent to Plaintiff's motion to amend, conditional on the granting of their cross-motion for an extension of the time to complete discovery, *see* Dkt. No. 84, to which Plaintiff reciprocally consents, *see* Dkt. No. 86. The Price Defendants oppose Plaintiff's motion for leave to amend and take no position on the Trustee Defendants' cross-motion. *See* Dkt. No. 85. For the reasons that follow, the Court grants Plaintiff's motion to amend and the Trustee Defendants' cross-motion for an extension of time to complete discovery.

1

**BACKGROUND**

In the operative complaint, Plaintiff alleges that Defendants induced him to purchase a life insurance policy with Zurich American Life Insurance Company (the "Policy") that he did not qualify for and subsequently stole over $1 million by causing him to overpay for premiums for the policy. The beneficiary of the Policy is the Lilly Trust (the "Trust"), a trust settled by Plaintiff for the benefit of his wife and children. Am. Compl. ¶¶ 16–17. The Trustee Defendants are attorneys who advised Plaintiff on the creation of the Trust and the purchase of the Policy. *Id.* ¶¶ 16–18. They also serve as trustees for the Trust. *Id.* ¶ 17. The Price Defendants are an insurance broker and his agency, which sold the Policy to Plaintiff. *Id.* ¶¶ 2, 20. Plaintiff alleges that the Price Defendants, with the knowledge of the Trustee Defendants, induced Plaintiff to send them more than $2 million in Trust funds to pay premiums for the Policy, although only around $1 million was actually paid to Zurich. *Id.* ¶ 2. Plaintiff brings claims against the Price Defendants for breach of fiduciary duty, fraud, and unjust enrichment, and claims against the Trustee Defendants for breach of fiduciary duty and fraud. *See id.* ¶¶ 36–62.

Plaintiff now seeks to amend the operative complaint with additional and more specific factual allegations, largely concerning Defendants' representations and advice to Plaintiff with respect to the Policy. *See generally* Dkt. No. 83-2. These new allegations, in addition to the facts alleged in the current operative complaint, are also offered in support of new causes of action for professional negligence, negligent misrepresentation, and professional malpractice. *See id.* ¶¶ 50–80, 107–115.

**DISCUSSION**

## I.    MOTION FOR LEAVE TO AMEND

A court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend may be denied in cases of, among other things, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Price Defendants argue that Plaintiff's motion should be denied because the proposed amendments are the result of undue delay and would be unduly prejudicial.

Undue prejudice speaks to "whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed." *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, No. 21-CV-695, 2022 WL 1555606, at *2 (S.D.N.Y May 16, 2022) (quoting *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)). The risk of prejudice generally increases as a case progresses: "the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *Foster v. UPS Freight, Inc.*, No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y Sept. 4, 2020) (citing *GEM Global Yield Fund Ltd. v. SurgiLight, Inc.*, 04-CV-4451, 2006 WL 2389345, at *11 (S.D.N.Y. Aug. 17, 2006)). Although "'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion," *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000), "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice," *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983). The opposing party bears the burden "of demonstrating that substantial prejudice would result were the

proposed amendment to be granted." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).

Here, although Plaintiff's proposed amendments come after the scheduled close of fact discovery, the Price Defendants have not met their burden to show substantial prejudice. The Price Defendants object to the proposed new claims, contending that they take the action away from the "two overriding themes" of the Amended Complaint. They contend that whereas the action thus far has focused on the Defendants involvement in the purported discrepancies between the premiums paid by the Trust and the premiums received by Zurich, the proposed Second Amended Complaint shifts the focus to the Price Defendants' advice to Plaintiff and their responsibilities relating to the Policy. *See* Dkt. No. 85 at 2. However, the addition of new claims "is not normally prejudicial unless the opposing party would be confronted with some unique difficulty in defending against the new issues." *Duling v. Gristedes Operating Corp.*, 265 F.R.D. 91, 102–03 (S.D.N.Y. 2010). "For example, when the addition of claims or parties may lead to renewed motion practice, jurisdictional issues, or substantial additional discovery, amendment may be sufficiently prejudicial to warrant denial of leave." *Su v. Berkshire Nursery & Supply Corp.*, No. 23-cv-00275 (VB), 2024 WL 2270372, at *5 (S.D.N.Y. May 20, 2024) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 2008 WL 2795141, at *3–4 (S.D.N.Y. July 18, 2008)).

The Price Defendants predict, perhaps accurately, that the new claims would necessitate additional discovery, but they do not show why the additional discovery would be so significant or burdensome as to present a unique difficulty in supporting a defense. "Generally, 'the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a

motion to amend a pleading . . . ." *Pasternack v. Lab'y Corp. of Am.*, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012) (quoting *TIG Ins. Co. v. Century Indem. Co.*, No. 08-cv-07322 (JFK) (THK), 2009 WL 959653, at *3 (S.D.N.Y. Apr. 8, 2009)); *see also Taberna Capital Management, LLC v. Jaggi,* No. 08-cv-11355, 2010 WL 1424002, at *2 (S.D.N.Y. April 9, 2010) (allowing amendment that arguably "adds new legal theories and is likely to expand the scope of discovery significantly" where defendant did not demonstrate "this would prejudice his ability to carry out his defense").

Moreover, contrary to the Price Defendants' assertions, the proposed new claims and allegations are closely related to the same set of basic facts that have already been pled—namely, Defendants' alleged wrongdoing in connection with the sale of the Policy and the collection of premiums, including breaches of their alleged obligations to Plaintiff.  Because prejudice to a defendant is greatly diminished in such circumstances, courts routinely grant leave to amend where, as here, new claims arise from the same core of operative facts that were asserted in the prior pleading.  *See Khazin v. City of New York*, No. 17-cv-03779 (LDH) (SMG), 2020 WL 13518233, at *6 (E.D.N.Y. Jan. 29, 2020) ("[W]hen proposed amendments are 'merely variations on the original theme,' rather than 'new claims concerning a different period of time . . . and alleging an entirely new set of operative facts,' courts are more likely to grant leave to amend.") (quoting *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986)); *Twisted Recs. v. Rauhofer*, No. 03-cv-02644 (DF), 2005 WL 517328, at *6 (S.D.N.Y. Mar. 3, 2005)) ("The mere fact that discovery has concluded, however, does not provide a reason for denying leave to amend, especially where the new claim arises from the same set of operative facts as the original claims."); *Doe v. Karadzic*, 176 F.R.D. 458, 461 (S.D.N.Y. 1997) ("Where appropriate, the Second Circuit has instructed this Court to permit leave to amend, even on the eve of trial, where

5

the new claims arise from the same set of operative facts asserted in the original complaint.") (citing *Hanlin*, 794 F.2d at 841).

Here, the claims for professional negligence, negligent misrepresentation, and professional malpractice keep with the same themes of the Amended Complaint and do not broadly implicate unrelated facts or separate time periods, and their inclusion in this action will not significantly prejudice the Defendants. Accordingly, the Court exercises its discretion to grant leave to file the proposed Second Amended Complaint.

## II.    CROSS-MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

In light of the scheduling issues raised by counsel for the Trustee Defendants (*see* Dkt. No. 84) and the potential need for additional discovery given the Court's granting of Plaintiff's motion for leave to amend, the Trustee Defendants' cross-motion for an extension of time to complete discovery is also granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend, *see* Dkt. No. 83, is GRANTED, and the Trustee Defendants' cross-motion for an extension of time to complete fact discovery, *see* Dkt. No. 84, is GRANTED. Plaintiff shall file the Second Amended Complaint on the docket within 14 days of this order. Fact discovery shall be completed by **September 12, 2025**. The post-fact-discovery conference previously scheduled for July 9, 2025, is adjourned to **Wednesday, October 15, 2025, at 9:30 a.m.** The parties are directed to this Court's Individual

Rules and Practices regarding the submissions that are required in advance of the conference.

Dated: July 7, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge